Per Curiam.
The cases referred to in the argument in principle
approach very near to the case before us. Wherever it appears that the testator has, through forgetfulness or mistake, omitted to bestow any thing upon his child or grandchild, the legislature wisely intended to effect that which it was highly reasonable to believe the testator, but for such forgetfulness or mistake, would himself have done. To go further than this would be, in its measure, to defeat the principal intention of the legislature, in the first section of the statute, which authorizes every person seised of an estate in lands, which may extend beyond his own life, to devise the same as he shall think fit. Wherever, then,'it may be fairly presumed, from the tenor of the will, or of any clause in it, that the testator intentionally omits to give a legacy or to make a devise to his child, or grandchild whose parent is dead, the Court will not interfere.
How is the case at bar in relation to these principles ? Have we sufficient ground to say that the appellant’s wife was omitted, in the distribution of her grandfather’s property, through his forgetfulness of her, or by any mistake? We think not. The testator discovers * a full and particular recollection of her father, and of some past dealings between them. He recognizes him as his son-in-law, which must have brought his deceased daughter to his recollection. He gives a legacy to one of her children, who bore, his name ; by which it appears that the family was in his remembrance. These two circumstances, we *308 think, bring this case within the reason of the former decisions of this Court which have been referred to.

Decree affirmed