| 2 | 499 |
| 67 | 347 |

## ELIPHALET MERRILL AND SALLY HIS WIFE *vs.* SHERBURNE SANBORN *et a.*

A testator among other descendants left seven grand-children, the children of a deceased son ; in his will, he mentioned two of these grand-children, and also their father ; it was held that the presumption of law was, the other five grand-children were not omitted through forgetfulness.

THIS was a writ of entry, in which the demandants counted upon their own seisin in right of the wife of one undivided twenty-eighth part of a farm, lying partly in Chester, and partly in Poplin, in this county, and upon a disseisin by the tenants.

The cause was submitted to the decision of the court upon the following facts : *John Hoit*, senior, on the 23d February, 1815. made his will, at which time he had two daughters, *Molly Sanborn* and *Betsey Dowse*, in full life, and seven grand-children, the children of his son *John*, deceased, viz. *Sally Merrill, Joseph C. Hoit, Peter G. Hoit, Nancy Bean, John Hoit, Moses Hoit*, and *Dorothy Neal* ; and two grand children, the children of his daughter, *Hannah Fitts*, viz. *Sally Roby* and *Betsey Fitts*. The said will contained the following clauses.

" I give to my grandson *Joseph C. Hoit*, that gore of land " on which his house now stands, and which I bought, &c. ;

<div style="margin"><em>Merrill<br>vs.<br>Sanborn et a.</em></div>

"likewise one half the orchard and the land it stands on, "that I bought, &c. ; likewise one acre of land, &c. which "was part of his father's estate.

"Item.  I give to my grandson, *Peter G. Hoit*, $50, to be "paid," &c.

"Item.  I give and bequeath to my daughter, *Molly San-* "*born*, one third of my estate, both personal and real, &c. "during her natural life ; and my will is, that after her de- "cease, to be equally divided among her children and their "heirs."

"Item.  I give to *Betsey Dowse*, my daughter, the one "third of my estate, &c. during her natural life ; and my "will is, that the one half of that third, &c. after her de- "cease, to be equally divided among her children and their "heirs."

"Item.  I give to *Sally Roby* and *Betsey Fitts*, my grand- "daughters, the one third of my estate, &c. and their "heirs, to be equally divided between them."

*John Hoit*, the elder, died, and his will was proved in solemn form, January 18, 1819.

The question submitted to the decision of the court was, whether the children of the testator's son *John*, who were not named in the will, were entitled to a share in the testator's estate, under the 3d section of the act for the settling of testate estates ?(1)

<div style="margin">(1) 1 N. H.<br>Laws 198.</div>

*Sullivan*, for the demandants.

*French*, for the tenants.

*By the court.*  The question in this case is, whether the testator omitted the mention of Mrs. *Merrill* in his will by design, or through forgetfulness and mistake?  She was one of seven grand-children, the children of the testator's only son.  The testator mentions two of her brothers and her father ; on what ground are we to presume that the testator omitted the other five children of his only son through forgetfulness?  We are of opinion, that there is no ground for such a presumption.  It is incredible that he should have passed over five out of seven grand-children through forget-

fulness. The case of *Wilder vs. Goss*, (14 *Mass. Rep.* 357,) is directly in point.   1 *Mass. Rep.* 146.—2 *ditto* 570.—3 *ditto* 17.

<div style="text-align:center">*Judgment for the tenants.*</div>