## Joseph Tucker *et ux. versus* The City of Boston

A testatrix, after bequeathing to the children of two of her sons substantial or nomi nal pecuniary legacies, and one cent to M. G., daughter of her daughter R., devised as follows : " I also give and bequeath unto E., daughter of my son J., and also to G. &c. children of my son G.," " and also to the children and heirs of my daughter M. S., and also to P., A. and children of E., which said P., A. and E were children of my daughter R., an equal share of my property, that shall or may remain, &c. meaning that the child or children of each of my sons or daughters shall have that portion which would fall to their respective parents, as above described." It was *held,* that the legal effect of this will was to distribute the residue among the issue, excepting M. G., of those of her children who are mentioned in the residuary devise, *per stirpes ;* and that a child of R., who was not named, was entitled to a proportionate share, as being included in the general description in such residuary devise.

Under *St.* 1783, *c.* 24, § 8, which provides, that a child or grandchild, not having a legacy given him in the will of his parent or grandparent, shall have his proportion of the estate of the testatoi assigned to him, the presumption is, if the child has *no legacy, that he was unintentionally overlooked ; and to prevent the operation* of the statute, this presumption must be rebutted by evidence from other parts of the will.

Where the grandchildren of a testatrix were very numerous, the relations complicated, and the testatrix advanced in years, and every grandchild, except one granddaughter, either by particular or general description, had a nominal or a substantial provision, it was *held,* that such granddaughter was entitled to a share under the statute, although her mother was named in the will

Writ of entry to recover the possession of one undivided sixteenth part of certain land, claimed by the demandants in the right of the wife, Rebecca Tucker, as one of the devisees or heirs at law of Catharine Stevens.

The parties stated a case.

Catherine Stevens died in 1825, seised of the premises in fee simple ; and her will, which was dated June 29th, 1818, contained the following clauses : " I will and bequeath unto George Stevens, Elizabeth Joy and Mary Ann Hitchborn, children of my son Peter Stevens, the following sums of money, to wit, to said George, one hundred dollars, to Elizabeth Joy, the sum of fifty dollars, and to Mary Ann Hitchborn, the sum of one cent. I also give and bequeath unto the children and heirs of my son Henry, the sum of one cent each. Also I give unto Mary Gear, daughter of my daughter Rebecca Sancry, the sum of one cent. I also give and bequeath unto Elizabeth Andrews, daughter of my son John Stevens,

and also to George Stevens, Mary Jones and John Stevens, children of my son George Stevens, and also to Rebecca Andrews, Ann Proctor, Isabella Newell and Lucretia Stevens, children of my son Joseph Stevens, and also to the children and heirs of my daughter Mary Shoult, and also to Peter Sancry, Ann Wiswell and children of Elizabeth Tucker, which said Peter, Ann and Elizabeth were children of my daughter Rebecca, an equal share of my property, that shall or may remain after the several legacies before mentioned as well as those hereafter to be named, shall be paid out, meaning, that the child or children of each of my sons or daughters shall have that portion which would fall to their respective parents, as above described."

Rebecca Sancry, the daughter of the testatrix, died before her mother, having had six children, Mary, Peter, Ann and Elizabeth, who are named in the will, Abraham, who died without issue, before the will was executed, and Rebecca Tucker, the plaintiff. Mary died before the decease of the testatrix, without issue. Elizabeth and Ann died before the testatrix, but left issue who were living at her death. Peter survived the testatrix.

The demandants entered upon the premises on August 4th, 1835. The tenants held under a deed from James Hendley, dated May 21st, 1835.

If the Court should be of opinion, that the demandants were entitled to recover, the tenants were to be defaulted, and judgment to be rendered in favor of the demandants for their undivided portion of the premises.

The case was argued in writing.

*C. P.* and *B. R. Curtis*, for the demandants. There are several leading objects to be attended to in ascertaining the meaning of this will. 1. The testatrix intended to give the residue of her estate to her grandchildren and not to her children. 2. She intended that her grandchildren should take *per stirpes* and not *per capita*. 3. She intended to disinherit Mary Gear and the children of her son Henry, and to provide in some other way for the children of her son Peter. When, therefore, she says, " the child or children of *each* of my sons and daughters shall have that portion which would fall to their

Tucker    respective parents, *as above described*," she means, each of
her sons and daughters whose child or children she had not
*disinherited* or *provided for in some other way.*  Keeping in
view all these objects of the testatrix, her intentions seem to
have been to pass over her sons Peter and Henry and their
children, in the distribution of the residue, and to give to the
children of each of her other sons and daughters, such a
portion as their respective parents would have inherited, at
her decease, supposing Peter and Henry and their children
were not in existence.  If this be the true construction, then
the plaintiff, Rebecca Tucker, would be entitled to a share
under the will.

But we shall be here met with the objection, that in naming
the children of her daughter Rebecca, who are to be the ob-
jects of her bounty, the testatrix does not name Rebecca
Tucker.  There are several answers.  It is a well settled rule,
that where it appears to have been the intention of a testato
to make *a class of persons* the objects of his bounty, and in
naming them he omits one of the class, the one omitted will
still take.  *Humphreys* v. *Humphreys,* 2 Cox's Eq. Cas. 184 ;
*Garth* v. *Meyrick,* 1 Bro. C. C. 130 ; *Tompkins* v. *Tomp-
kins,* cited in 2 Ves. sen. 564, 3 Atk. 257, and 19 Ves. 126 ;
*Scott* v. *Tenoulhet,* 1 Cox's Eq. Cas. 79 ; *Stebbing* v. *Wal-
key,* 2 Bro. C. C. 85 ; *Garvey* v. *Hibbert,* 19 Ves. 125.
Here is a sufficient description of the class to which Rebecca
Tucker belongs ; and there is nothing in the will to show, that
the testatrix did not intend that she should be included in the
class.  Where she does not intend that a grandchild shall be
embraced in a class, she excludes in terms, as in the case
of Mary Gear.

But if Rebecca Tucker is not entitled under the will,
then she will take by virtue of *St.* 1783, *c.* 24, § 8, on the
ground that she was unintentionally omitted in the will.  The
mischief to be remedied by the statute was, that a testator
sometimes unintentionally omitted to make provision for a
child or grandchild.  The remedy provided for this mischief
was, that the testator should show, that he had not forgotten
his child or grandchild, *by giving him a legacy.*  It is not
sufficient for the court to be satisfied that a testator has not

forgotten a child ; they must be satisfied by *legal evidence ;* and the only legal evidence is a legacy in the will. Courts in England as well as in this country, have, of late years, often lamented the departure from the natural construction of the language of statutes, and have, as far as possible, returned to such a construction. *Rex* v. *Ramsgate,* 6 Barn. & Cressw. 712 ; *Rex* v. *Stoke Damerel,* 7 ibid. 569 ; *Rex* v. *Barham,* 8 ibid. 101 ; *Notley* v. *Buck,* 8 ibid. 164.

Whatever may be the true construction of the statute, it is manifest, that the person who drew up this will, and the testatrix, supposed that a child or grandchild could be disinherited only by giving him a legacy. It cannot be said then, that she intended to exclude Rebecca Tucker, when she has not shown that intention in the mode which she thought the law required, and which she has adopted in all other cases.

*J. Pickering,* City Solicitor, for the tenants. The demandant, Rebecca Tucker, is not entitled under the will. It is said, that she is to be deemed a devisee, because she is one of a " class " of persons provided for by the will. If it should be admitted, that the intention of the testatrix was to give her estate to her grandchildren, exclusively of her children, and that the grandchildren were to take *per stirpes* and not *per capita,* still the words of the will must be construed with this qualification, that those grandchildren, who are to take at all, shall take *per stirpes.* This construction of the clause is established by the concluding words of it, declaring that the grandchildren shall take " that portion which would fall to their respective parents, *as above described.*" Under this view of the clause it is a *non sequitur* to conclude that Rebecca Tucker is entitled because she was a child of one of the daughters of the testatrix. She must have been *such a child* as the testatrix intended should come in for a share of the estate. The tenants, therefore, still contend, that it is a valid objection to the demandant's claim, that Rebecca Tucker is not named in the will.

Neither is she entitled, under *St.* 1783, *c.* 24, § 8, to claim on the ground that she was unintentionally omitted in the will. *Terry* v. *Foster,* 1 Mass. R. 146 ; *Wild* v. *Brewer,* 2 Mass R. 570 ; *Church* v. *Crocker,* 3 Mass. R. 17 ; *Wilder* v. *Goss,*

14 Mass. R. 357 ; *Merrill v. Sanborn,* 2 N. Hamp R. 499.

SHAW C. J. delivered the opinion of the Court. The decision of this case must depend upon the construction of the will of Catharine Stevens. This is an extremely obscure will, and it is difficult to put a construction upon it intelligible or satisfactory. The Court are of opinion, however, that it was the intent and legal effect of this will of the testatrix, having provided for the descendants of two of her seven children by pecuniary legacies, beneficial or nominal, to distribute the residue among the children and issue of the other five, except those whom she had excluded, as in the case of Mary Gear, to take *per stirpes* and not *per capita.* The plaintiff, Rebecca Tucker, was one of the six children of Rebecca Sancry, a daughter of the testatrix. Abraham died long before the will was made, and Mary Gear was excluded by a nominal legacy ; two others and the children of a third are named, but the plaintiff is not named among them who are to take the residue. She then adds, " meaning that the child or children of each of my sons or daughters shall have that portion which would fall to their respective parents." The primary intent of this clause was to direct that they should take *per stirpes,* but the terms are broad enough to include the plaintiff as one of the children of one of those to whom the residue was intended to be given, and she is not otherwise excluded. In all other instances, those coming within the description of the children of those branches, among which the estate was intended to go, are excluded by a nominal legacy, if intended to be excluded. It is very clear, that a legatee need not be named ; any description or designation is sufficient, which will include or identify her. In this same will, the children and heirs of the daughter Mary Shoult are included under that general designation.

2. But upon the other point, the Court are of opinion, that if the plaintiff, the granddaughter, Rebecca Tucker, did not take a share of the estate, under the clause devising the residue, she would take a share by descent under the provisions of the *St.* 1783, *c.* 24, § 8, as a grandchild, the daughter of a deceased child, to whom no legacy was given.

The Court do not mean to question the authority of the

decisions which have held, as the reasonable and true construc-
tion of this statute, that it is not to be construed literally, but
if it appear, that the child or grandchild was fully in the mind
of the testator, and was not unintentionally overlooked or for-
gotten, the statute should not apply. Whatever we might have
thought, if now first called on to expound the statute, the con-
struction has been too long and uniformly adopted and settled
as a rule of property, to be safely overturned.*

But the tests given in the cases cited, to determine whether
a child has been overlooked and forgotten, or intentionally
omitted, are not conclusive. They affirm the general princi-
ple, but each case must depend much on its own circumstances.
In general, if a child has no legacy, the presumption is, that
such child was unintentionally overlooked ; and to prevent the
operation of the statute this presumption must be rebutted by
evidence from other parts of the will. The most conclusive
would be a declaration of the testator, that for any cause it was
his intention not to give any thing to the child ; but any other
evidence, which would lead to the same conclusion, must have
the same effect. The circumstance relied on here is, that the
plaintiff's mother was named, which, it was contended, brings
it within the case of *Wilder* v. *Goss*, 14 Mass. R. 357. This
is a circumstance to be considered, but under the other circum-
stances of the present case, a slight one, the descendants being
very numerous, and the relations complicated, and the testatrix
advanced in years. Besides, wherever she intended to exclude
one from a beneficial enjoyment of her estate, she did it by
giving him a legacy, and in every instance, either by particular
or general description, every descendant has a provision, nomi-
nal or substantial, except the demandant. On the whole, the
Court are of opinion, that there is no evidence to rebut the
presumption, that if the demandant was not included as one of
those who were to take a share in the residue, she was uninten-
tionally overlooked and forgotten by her grandmother, and in
that event would take a share under the statute, as of an intes-
tate estate.

*Tenants defaulted.*

---

* This construction is now adopted by statute, as a modification of the
positive rule of law. Revised Stat *c.* 62, § 21.