Dewet, J.
The question presented'on this appeal is one of great practical importance, involving the construction of the Rev. Sts. c. 62, § 21, providing for those cases where a testator shall omit to make any provision in his last will and testament *403 for any of his children, or for the issue of any deceased child. The earlier statute provision (St. 1783, c. 24, $8,) has often been the subject of judicial decision, and a liberal construction thereof has been uniformly adopted, with a view more effectually to secure the disposition of estates in accordance with the real intentions of the testators. Hence, under the provision in that statute, “ that any child, or children, or their legal representatives in case of their death, not having a legacy given them in the will of their father or mother, shall have a proportion of the estate of their parent assigned to him, her, or them, as though such parent had died intestate; provided such child, children, or grandchildren have not had an equal proportion of the deceased’s estate bestowed on him, her, or them, in the deceased’s life time; ” the construction has been, that whenever, from the tenor of the will, or from any part of it, sufficient appeared to indicate that the testator had not forgotten his children or grandchildren (as the case might be) when he made his will, they would not be entitled to a distributive share of his estate, although no legacy was given them by the will. The construction given to that statute was undoubtedly to be ascribed, in part, to the peculiar language of the more ancient provincial St. 12 William III. c. 7, and the objects thereof, as stated in the preamble to the same. Anc. Chart. 351. 3 Mass. 20. But, whatever may have been the grounds of the decision, it came to be well settled, that the object of the St. of 1783, c. 24, was to furnish a remedy solely for those cases where, from accident or other causes, the child or grandchild might be supposed to have been really forgotten by the testator in making his will. Upon this principle, it has been held that, where the child was named in the will, although no legacy was given to him, this was sufficient to exclude such child from a distributive share under the statute. So where the testator devised estate to the children of his daughter, describing them as such, but giving no legacy to his daughter, the same rule was applied. Wild v. Brewer, 2 Mass. 570. Church v. Crocker, 3 Mass. 17. Wilder v. Goss, 14 Mass. 357.
With these principles, well known as rules of construction of *404 wills, in reference to the St. of 1783, c. 24, the legislature enacted the provision contained in the Rev. Sts. c. 62, § 21, giving a distributive share to a child or grandchild, where the testator has omitted to provide for such child or grandchild in his will, and has not, in his life time, otherwise made provision for him, “ unless it shall appear that such omission was intentional, and not occasioned by any mistake or accident.” Here the principle already adopted by this court, in the cases cited, was also adopted as a statute provision, and made a condition or limitation, which, if it existed, would defeat the claim to a distributive share, though the child or grandchild had no legacy under the will.
But the inquiry arises, whether this fact, that “ such omission was intentional, and not occasioned by mistake or accident,” must be shown by the will itself, or may be established by evidence from other sources. In the cases which have arisen under St. 1783, c. 24,1 believe it will be found that the evidence of an intentional omission was exclusively derived from the will itself; and the great question heretofore has been, whether there could be admitted, even from the face of the will itself, any evidence to show that the testator had not forgotten his child, other than that prescribed in the statute itself, viz. the fact of giving such child a legacy. As already remarked, this court gave a more extended construction to the statute; but the cases were those of constructions upon the face of the will itself. We are now, however, brought to the question of the admission of evidence dehors the will, under a different state of legislation. The revised statutes have introduced and adopted the broad principle of barring a child of a claim to a distributive share, though no legacy be given to such child in the will, upon its being made to appear that such omission to give a legacy was intentional, and not occasioned by any mistake or accident The statute is silent as to the mode in which proof is to be made of this fact, or the source from which it is to be derived. It has not in terms restricted the proof to the facts apparent on the face of the will. It has used language broad enough to embrace any species of evidence properly tending to establish the *405 fact that such omission was intentional, and not occasioned by accident; • unless there be some general principle, in the rules of evidence, which should exclude parol testimony upon a question of this nature. I am well aware that parol testimony, as to the declarations of a testator, could not be given in evidence to control the language of a will, or give to it a different effect from that which it plainly imports; and wherever the words of a will are plain and obvious in their terms, they would exclude all evidence of the declarations of the testator tending to show his real purpose to have been other than that apparent upon the face of the will. On the other hand, latent ambiguities, as to the person or the devise, may be removed by the aid of parol evidence.
In cases like the present, it will be perceived, there is no attempt, on the part of those who urge the competency of evidence from other sources than the will, to use such evidence in opposition, or as repugnant, to the language of the will. This is not a case of evidence offered to control a written instrument. The party claiming his distributive share does not set up title under the will, but under the provisions of the revised statutes. The will itself is no further used than to show that he has no legacy under it; and the further inquiry, whether he was omitted, in the provisions of the will, by design or accident, is an issue of a distinct character, and, however clearly established, does not necessarily conflict with the tenor of the will. When offered, as in the present case, to establish the proposition that the. grandchild was intentionally omitted in the will, and therefore that he cannot be allowed to claim as heir at law, and thus disturb the provisions of the will, the evidence is entirely confirmatory of the will, and therefore is certainly not a violation of the rule, that parol testimony of the declarations of the testator cannot be given in evidence to overthrow or control the words of the will. It may be, and probably is, difficult to ascertain with entire certainty, whether the purpose of the legislature was to extend this evidence, so as to look beyond the will itself for the intention of the testator as to those not named in the will; but the language is certainlv broad enough to author *406 ize the admission of such evidence, and we are not aware cf any technical rule that requires its rejection.
An argument may be found, perhaps, in favor of its admission, in the consideration that in the same section is contained another provision, which equally operates to defeat the claim to a distributive share by one who is not provided for in the will, viz. that provision has been made for such child by the testator in his life time. In reference to this fact, I suppose it would be readily conceded, that the evidence is not restricted to matter apparent on the face of the will. The effect of this evidence on this point, if the fact be established, is just as fatal to the claim of a child to a distributive share, as similar evidence would be, in sustaining the ground of objection to the right to a distributive share, that the omission to give a legacy was intentional. The legislature might have restricted the evidence to establish either the fact of previous provision for the child, or the intentional omission to give him a legacy, to matters apparent on the face of the will, or have required that they should be shown by some written document manifesting the intention of the testator to exclude his child from a legacy, or declaring that he had heretofore, in some other manner, made provision for such child. But since the statute contains no such limitation as to the form or mode of proof in these cases, we do not feel at liberty to impose any such; and the result must be, therefore, that those facts, or either of them, may be shown by any other competent evidence. The evidence offered for that purpose, in the present case, was competent, and ought therefore to have been admitted. The decree appealed from is reversed, and the case is remitted to the judge of probate for further proceedings.