O'LEARY *v.* LANE.

Opinion delivered June 27, 1921.

1. WILLS—CONTEST OF PROBATE.—The question whether a will was properly probated can be raised only on an appeal from the judgment of the probate court admitting it to probate, and such question can not be raised in a collateral proceeding.

2. WILLS—INCORPORATION OF INDEPENDENT INSTRUMENTS BY REFER-

ENCE.—Independent instruments, though testamentary in character, can not be incorporated in wills as a part thereof by reference only, as the statutes require that the entire will shall be authenticated as specified; but if the language of the will itself is insufficient to effect a conveyance of the lands, reference to an extraneous instrument for the description is sufficient where the will sufficiently designates the extraneous instrument so as to identify it with certainty.

3. WILLS—IDENTIFICATION OF DEEDS.—A will which merely refers to deeds theretofore executed to certain heirs as being in a safety box in a certain bank does not sufficiently describe the deeds so as to effect a testamentary disposition of the lands.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; reversed.

*Emmet Vaughan,* for appellants.

1. The will is void for uncertainty, (1) because it does not designate specific existing deeds with sufficient definiteness as to admit of the incorporation of said deeds in the will; (2) because the will is indefinite and uncertain as to whom the testator desired to leave his property to, or as to whether the deeds probated with the will were all the deeds that were in the lockbox. Uncertainty in a will as to either the subject or object of a devise is fatal to its validity. 116 Ark. 328.

2. The deeds being absolute upon their face, not testamentary in character, and not attached to the will or identified by it, can not be made effective as part of the will.

3. The will is inoperative as a conveyance, because the deeds mentioned are without sufficient identification to become part thereof. Borland on Wills, 51; 58 A. 748; 77 Conn. 240; L. R. A. 335; 107 Am. St. Rep. 24. A letter testamentary in character and not being executed as a will is ineffective as part of a will. 60 A. 266; 77 Con. 604; 107 Am. St. Rep. 64. Where a will is properly executed and proved, it must be admitted to probate, though it contain not a single provision capable of execution, or valid under the law. 101 Mo. 168; 77 Pac. 825; 144 Cal. 121; 141 *Id.* 121. See, also, 163 Atl. Rep. 754. The court erred in overrul-

ing the motion to require cross-complainant to complete exhibit ''A'' by attaching the testimony upon which the will was admitted to probate, and also in overruling appellants' demurrer to the cross-complaint.

*F. E. Brown,* for appellee.

There was no error in overruling the motion to require appellee to complete exhibit ''A'' to the answer and cross-complaint, nor in overruling the demurrer to that part of the corss-complaint which relies upon the will of W. H. Brock as a conveyance of real estate. As to the motion, at law an exhibit is not part of a complaint unless the action is founded upon the written instrument exhibited.  32 Ark. 131; 85 *Id.* 223.

The evidence upon which the will of Brock was admitted is no part of the will, and attaching it to the will served no useful purpose.  C. & M. Digest, § 10537.  The demurrer was a collateral attack on the final judgment of a court of record, which is not allowed.  There was a final judgment, and no appeal was taken, and it is final on appeal.  40 Ark. 91; 31 Ark. 175; 64 *Id.* 350; 66 *Id.* 623; 75 *Id.* 146; 109 *Id.* 119.  No error is pointed out in the court's judgment.

HUMPHREYS, J.  Appellants and appellee are the sole heirs of W. H. Brock, deceased.  Appellants instituted suit against appellee in the Prairie Chancery Court, Northern District, for partition of the lands in said county, owned by the said W. H. Brock at the time of his death, alleging that W. H. Brock, deceased, died intestate and that they were the owners, as tenants in common, of said lands by inheritance from him.

Appellee filed an answer, denying that W. H. Brock, deceased, died intestate, and that appellants and appellee inherited said lands, as tenants in common, under the law of descent and distribution, from W. H. Brock, deceased; but, on the contrary, alleged that W. H. Brock, deceased, died testate, devising a part of the lands, sought to be partitioned, to appellee, another part thereof to Ellen O'Leary, another part thereof to Willie Riddle, and another part thereof to Clarice Reid, by reference

for the particular description of the lands devised to warranty deeds theretofore executed to each, and referred to in the will as being in deceased's safety deposit box in the Farmers' & Merchants' Bank of Des Arc, Arkansas, and that each acquired and owned in severalty the particular tracts thus devised to each. Appellee attached to her answer, as a part thereof, Exhibit "A" which embodied the last will and testament of W. H. Brock, deceased, and four warranty deeds from him to the heirs aforesaid, conveying to each a part of the lands sought to be partitioned.

Appellee also filed a cross-bill, requesting the court to construe certain clauses of the will of W. H. Brock, deceased, and made Exhibit A to her answer an exhibit to her cross-bill.

The chancery court, upon its own motion and over the objections of both appellants and appellee, transferred the cause to the circuit court.

Appellants filed a motion in the circuit court to require appellee to attach to exhibit "A" to the answer and cross-bill the proof adduced in admitting the will to probate. The motion was overruled, to which ruling of the court appellants objected and excepted.

Appellants then demurred to appellee's cross-complaint, upon the ground, among others, that the will and deeds, attached as Exhibit A to the answer and cross-complaint, did not operate as a devise of the real estate of W. H. Brock, deceased. The demurrer was overruled, to which ruling appellants objected and excepted.

Later, the cause was submitted to the court, sitting as a jury, upon the complaint, the answer and cross-complaint, evidence of witnesses, a certified copy of the will of W. H. Brock, deceased, and the order of the probate court admitting the will to probate, which resulted in a finding and judgment that the will was legally probated, and that it operated as an effective conveyance of the entire estate, both real and personal, of W. H. Brock, deceased, from which judgment is this appeal.

No assignments of error were brought into the record by bill of exception, so that the only questions presented to the court on this appeal are the rulings of the trial court upon the motion to complete Exhibit A by adding thereto the proofs adduced for the probate thereof, and the demurrer to the cross-complaint in alleging the will and deeds to be a testamentary disposition of the real estate described in said deeds.

The question as to whether the court erred in overruling the motion to complete Exhibit A is immaterial and eliminated, as the record made in this case upon its face shows a judgment in the probate court probating the will. The question as to whether properly probated was one for determination on appeal from that judgment. The only material issue joined on the answer, cross-bill and demurrer thereto, appearing on the face of the record for determination on this appeal, is whether the will and deeds are effective as a testamentary disposition of the property described in the deeds to the grantees therein. The will and deeds probated as the last will and testament of W. H. Brock, deceased, are as follows:

"W. H. Brock, Last Will and Testament:

"In the name of God. Amen.

"I, W. H. Brock, of the town of Des Arc, in the county of Prairie, and State of Arkansas, being of sound and disposing mind and memory and over the age of twenty-one years, knowing the certainty of death, and the uncertainty of the hour thereof, and being desirous of having my estate managed, controlled, used and disposed of at my death in accordance with my wishes, I do hereby make, publish and declare this my last will and testament, hereby revoking all former wills and codicils, by me heretofore made; also revoking any and all contracts or instruments of writing designating heretofore any one as executor, administrator, agent or attorney or representative in any manner in winding up the affairs of my estate after my death.

"*First.* It is my will and desire that all of my just debts and funeral expenses be paid as soon as same can be conveniently done out of any money I may have on hand or on deposit at my death.

"*Second.* It is my will and desire that the deeds heretofore by me executed to the heirs of my estate, deeding to them real property that I desire each to have at my death, which are now in my safety deposit box in the Farmers' & Merchants' Bank of Des Arc, Arkansas, be by my executor and executrix, hereinafter named, delivered to said heirs mentioned in said deeds, which property I give and bequeath to each of said heirs as conveyed in said deeds.

"*Third.* After paying my just debts and funeral expenses and the delivery of deeds hereinabove mentioned, by my executor and executrix, hereinafter named, to my heirs, vesting in them title to the property as conveyed in said deeds, the remainder of my estate, real, personal or mixed property, I give, devise, and bequeath to my heirs, as their interest appears in my estate, said heirs being Emmet Vaughan, Percy Vaughan, Clarice Reid, who are the heirs of my sister, Mrs. Martha Vaughan, deceased; Alora Lane, heir of my brother, James Thomas Brock, deceased; Ellen O'Leary, heir of my sister, Mrs. Caroline Bledsoe; and Mrs. Willie Riddle, heir of my sister, Mrs. Emily Francis Porter, they being my sole and only heirs.

"*Fourth.* I hereby name and nominate and appoint, as the executor of this, my last will and testament, my friend, R. A. Richmond, and as executrix of same my niece, Mrs. Willie Riddle, and it is my will and desire that no bond be required of them, and that they carry out my wishes as herein made.

"In witness whereof, I, W. H. Brock, have to this, my last will and testament, subscribed my name, on this the 17th day of August, in the year of our Lord, one thousand nine hundred and fourteen.

"W. H. Brock (Seal).

"Signed, sealed, declared and published by the said W. H. Brock, as and for his last will and testament, in the presence of us, who at his request and in his presence and in the presence of each other, have subscribed our names as witnesses hereto.

> "A. V. Harris,
> "Erwin Bethell."

"Exhibit A to Will."

"Warranty deed from W. H. Brock to Alora Lane conveying lot 11 in block 22 and lot 11, and 10 feet of west side of lot 12 in block 15, Watkins' survey of Des Arc. Deed acknowledged on the 29th day of July, 1914.

"Warranty deed, W. H. Brock to Ellen O'Leary, lots 1, 2, 10, 11, in block 16, lot 7 in block 15, lots 7, 8, 9 and west half lot 10, in block 27, in Watkins' survey of the town of Des Arc. Deed acknowledged 29th day of July, 1914.

"Warranty deed, W. H. Brock to Willie Riddle, east half lot 5 in block 26, Watkins' survey of Des Arc. Acknowledged 29th day of July, 1914.

"Warranty deed, W. H. Brock to Clarice Reid, lot 9 in block 16 in Watkins' survey of Des Arc. * * * Deed acknowledged 29th day of July, 1914."

W. H. Brock died on the 21st day of March, 1916, and the will was probated on the 26th day of October, 1917.

Independent instruments; though testamentary in character, can not be incorporated in wills as a part thereof by reference only in this State, for the statutes here require that the entire will shall be authenticated in the manner specified in the statutes. In the case of *Bryan* v. *Bigelow,* 77 Conn. 604 (107 Am. St. Rep. 64), a sealed letter, testamentary in character, found in the same receptacle with the will, referred to in the will and otherwise identified, was treated as ineffective as a part of the will, not being executed in the manner required for the execution of wills. Under the rule thus announced, the separate deeds referred to in the will now under con-

struction are ineffective as testamentary dispositions of the lands described therein—not being testamentary in character and authenticated as required by the laws of this State. Under the rule thus announced there could be no objection, however, in devises of real estate, if the language of the will itself is sufficient to effect a conveyance of the lands, to refer to an extraneous instrument for the description merely, if the will sufficiently designates the extraneous instrument so as to certainly identify it. By reference to the latter part of section 2 of the will before us for construction, this language appears: "Which property I give and bequeath to each of said heirs as conveyed in said deeds." This language refers to deeds in the testator's safety deposit box in the Farmers & Merchants Bank of Des Arc, Arkansas, at the time the will was executed, and, if the instrument referred to is sufficiently identified, the language quoted was sufficient to effect a conveyance of the real estate. The will was executed on the 17th day of August, 1914. The deeds exhibited as a part of the answer and cross-complaint in the instant case were acknowledged on the 29th day of July, 1914. They purport on their face to be warranty deeds conveying lands described in each to a part of the heirs mentioned in the third paragraph of the will. There is nothing in the will to definitely identify these deeds as the deeds which were in the safety vault at the time the will was executed. The will does not identify the deeds by their dates or in any other manner. The reference in the will is to deeds theretofore executed to a part of the heirs mentioned in section 3, and therefore does not identify those deeds any more definitely than other deeds he may have theretofore executed to different lands to the same parties, or deeds executed to other heirs mentioned in the third paragraph of said will. We do not think that the deeds probated as a part of the will are sufficiently identified in the will to effect a testamentary disposition or conveyance of the lands in question as specific devises to the grantees in the deeds. It

follows that the lots described in the deeds are a part of the residue of the estate and pass to the heirs under the residuary clause of the will. The court should have sustained the demurrer to that part of the cross-complaint which relies upon the will of W. H. Brock as a conveyance of said real estate.

For the error indicated, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.