Hillsborough County Probate Court
No. 82-233

*In re* ESTATE OF ANNE J. OSGOOD

November 5, 1982

*Boyer, Kinghorn and Harkaway P.A.*, of Nashua (*Richard E. Boyer* on the brief and orally), for the petitioner, Neil T. Osgood.

*Cullity and Kelley*, of Manchester (*John C. Boeckeler* on the brief and orally), for the residuary legatee, Sally Bashalany.

*Clancy & O'Neill P.A.*, of Nashua (*Thomas E. O'Neill* on the brief, and *Frank B. Clancy* orally), for the executor.

KING, C.J.   This is an appeal pursuant to RSA chapter 567-A (Supp. 1981) from a decision of the Probate Court (*Cloutier,* J.) disallowing the petitioner, Neil T. Osgood, a distributive share of the estate of his deceased mother. The probate court held that our pretermitted heir statute, RSA 551:10, which entitles a child not named in the deceased's will to inherit the same portion of the estate as he would have if the deceased had died intestate, was not applicable to the petitioner. We affirm.

The deceased, Anne J. Osgood, died testate on July 8, 1981, survived by four children: Roger H. Osgood, Jr., Suzanne Osgood, Sally Bashalany, and the petitioner, Neil T. Osgood. On January 4, 1980, the deceased executed a will in which she made specific bequests to Roger and Sally. Article Fifth of the will excludes Suzanne, providing:

"FIFTH: Being not unmindful of my daughter Suzanne, I make no provision for her in this my will, not by reason of lack of love and affection for her, because I love her dearly, and I

feel certain that her brothers and sister will see that she is taken care of."

Article Sixth of the will divides the residue of the estate between Sally and the children of the petitioner. It provides:

"SIXTH:                    All the rest, residue and remainder of my estate, of whatsoever nature, real, personal or mixed, and wheresoever situated, I give, devise and bequeath one-half thereof to my daughter, Sally Bashalany, and one-half thereof to the children of my son, Neil T. Osgood."

On August 5, 1980, Anne J. Osgood executed a codicil to her will, which provides in part:

"FIRST:                    I hereby revoke and delete Article Sixth in my said Last Will and Testament and in place thereof insert the following:

All of the rest, residue and remainder of my estate, of whatsoever nature, real personal or mixed, and wheresoever situated, I give, devise and bequeath to my said daughter, Sally Bashalany.

SECOND:                    In all other respects not inconsistent with this Codicil, I hereby ratify, confirm and approve my said Last Will and Testament of January 24, 1980."

The will and codicil were proved in common form and the deceased's son, Roger H. Osgood, Jr., was appointed executor on July 15, 1981. On December 31, 1981, the petitioner filed in probate court a notice of claim and a petition alleging that he was entitled to an intestate share of the decedent's estate under RSA 551:10, the pretermitted heir statute. After a hearing, the petition was denied by the probate court.

■■ The purpose of RSA 551:10 is to provide that a child should take his intestate share when he has been forgotten by the testator or omitted through accident. *Boucher v. Lizotte*, 85 N.H. 514, 515, 161 A. 213, 213 (1932). Mere mention of or reference to the child is all that the statute requires to preclude its application. RSA 551:10.

■ It is well established that there must be a reference in the will to the child himself. It is not sufficient to infer that the child was not forgotten because a sibling or other relative was remembered in the will. While in *Merrill v. Sanborn*, 2 N.H. 499, 500–01 (1822), we held that five of seven grandchildren were not omitted through forgetfulness where the testator mentioned two grandchildren and their father in his will, this holding was questioned in a later case. *Gage v. Gage*, 29 N.H. 533 (1854). In *Gage* we held that the naming of one person, however closely related to another, is not a sufficient reference to preclude application of the statute. In that case we held that the naming of a grandson and the description of him as such was not a sufficient reference to the testator's son. *Id.* at 543. Consequently, in the present case, we must find that the will or the codicil refers to the petitioner, Neil J. Osgood.

■ The reference to the child need not be direct, however; it is sufficient if it indirectly refers to the child so as to indicate that the deceased had the child in mind when he made the will. *In the Matter of Jackson*, 117 N.H. 898, 901, 379 A.2d 832, 834 (1977). Thus, in *Boucher v. Lizotte*, we held that the use of the son's name in referring to his wife was a sufficient reference to the son to disinherit him. In that case the testatrix died leaving three children. She bequeathed $500 to "Marianna Lizotte, wife of my son Alphonse Lizotte . . . ." 85 N.H. at 514, 161 A. at 213. The court stated that the gift to the "wife of my son Alphonse Lizotte" forbade the inference that Alphonse was "out of the mind" of the testatrix. *Id.* at 516, 161 A. at 214.

In a later case, *In the Matter of Jackson*, the brother and sister of the deceased, who were named legatees under the will, argued that the language in the deceased's will "revok[ing] all former wills and codicils" was a sufficient reference to the testator's three adopted children who were omitted from the later will. *Id.* at 901, 379 A.2d at 834. We held that this language was an insufficient reference to the children. We stated that the language did not indicate that the testator had them in mind when he made the will because it did not indicate whether the testator had any prior wills, what the contents of those wills were, or whom the testator had in mind as specific heirs. *Id.*

■ In the present case, we hold that the testatrix made a sufficient reference to the petitioner to preclude the application of RSA 551:10. Although the reference is indirect, Article Sixth of the will explicitly named the petitioner. When this is read with the codicil which deletes it, it is clear that the testatrix had the petitioner in mind when she made the codicil deleting Article Sixth. This case is distinguishable from *In the Matter of Jackson* because the contents of the residuary clause of the will which was deleted is known and clearly indicates that the deceased's failure to include the petitioner in the codicil was not accidental or due to forgetfulness.

■ The petitioner argues that, because the reference to him appears in the section of the will revoked by the codicil, this deletes the reference to him. We disagree. A reference to a child is sufficient even though the clause in which such reference is found is subsequently revoked. 2 PAGE ON WILLS § 21.107, at 545 (Bowe-Parker Rev. 1960). In *Kinnear v. Langley*, 209 Ark. 878, 192 S.W.2d 978 (1946), the Arkansas Supreme Court faced a similar situation. In *Kinnear*, the testatrix had incorporated a clause of her husband's will which referred to their daughter. Later by codicil she deleted the provision incorporating that clause. The daughter argued that the testatrix's will contained no reference to her and that the pretermitted heir statute should apply. The Arkansas court held that the testatrix's will and codicil contained sufficient reference to the child. The court stated that, even though the codicil had the effect of eliminating a bequest to the daughter, it did not eliminate the reference to her. *Id.* at 889, 192 S.W.2d at 983. Similarly, in the present case, the codicil eliminated the bequest to the children of Neil T. Osgood, but it did not strike out the reference to him in the first part of the will.

■ For the foregoing reasons, we hold that the deceased's will and codicil contain sufficient reference to the petitioner to preclude application of RSA 551:10, and we affirm the decision of the probate court.

*Affirmed.*

All concurred.