BADGETT v. BADGETT.

Opinion delivered November 2, 1914.

1.  WILLS—INTENTION OF TESTATOR.—In the construction of wills, effect will be given to what appears to be the intention of the testator in view of all the provisions in the will.

2.  WILLS—PARTIAL INTESTACY—PRESUMPTION.—There is always a presumption against partial intestacy, unless such an intention clearly appears from the language used in the instrument.

3.  WILLS—DEVISE OF WHOLE ESTATE—INTENT OF TESTATOR.—A will contained the following: "I most earnestly desire that my dear husband, O. K. B., shall be my sole legatee, and shall take possession of all or any property, both real, personal or mixed, of which I am now possessed or have any interest in." Held, the testator intended to devise all her real estate and to bequeath all her personal estate to her husband, and that she intended to dispose of her entire estate.

4.  WILLS—"SOLE LEGATEE"—INTENTION OF TESTATOR.—The term "sole legatee," while generally used in wills to describe a person to whom there has been a bequest of personal property, may also include a devise of real estate.

5.  WILLS—DISINHERITANCE OF HEIR—PRESUMPTION.—The presumption that the heir at law will not be disinherited unless the words used by the testator evince a clear intent to devise his real estate, held, to be overcome where the testator used the language that it was her desire that O. K. B., her husband, "shall take possession of all or any property, both real, etc., of which I am now possessed or have any interest in."

Appeal from Pulaski Chancery Court; John E. Martineau, Chancellor; affirmed.

STATEMENT BY THE COURT.

Julia T. Badgett made a will, which, omitting the merely formal words of opening and conclusion, reads as follows:

"I, Julia T. Badgett, do make, declare and publish this to be my last will and testament, and I hereby revoke

all former wills or testaments made by me of any other character or description whatsoever.

"In furtherance of my wishes, I most earnestly desire that my dear husband, O. K. Badgett, shall be my sole legatee, and shall take possesion of all or any property, both real, personal or mixed, of which I am now possessed or have any interest in. I further desire that he shall be my sole executor, without bond, to do and perform all or any of the acts that I request of him, or that may be necessary for him to perform in carrying out my last wishes.

"I further desire that he shall pay all of my just debts and funeral expenses that may accrue which are chargeable to me or to my estate. I further desire that my husband, O. K. Badgett, shall be the sole guardian of my dear children, whose names are as follows: Russell, O. K., Jr., Dorothy and Bentley, which he is naturally, and I ask that he shall be made so by law after my death."

After the death of Mrs. Badgett, O. K. Badgett, Sr., became insane. The Union Trust Company, his duly appointed guardian, brought this suit, claiming that O. K. Badgett, Sr., was the owner of certain lands under the will to which the appellants here also claimed title by virtue of the will, and the prayer of the complaint was that the title to O. K. Badgett, Sr., be quieted. The court entered a decree quieting the title in O. K. Badgett, Sr., and the appellants prosecute this appeal.

*Carmichael, Brooks, Powers & Rector,* for appellant.

1. In construing a will, technical words govern unless a clear intention to the contrary is apparent. 40 Cyc. p. 1398; 3 Ark. 147; 40 Cyc. 1412.

2. The rule as against partial intestacy does not apply. 14 Am. St. 130; 90 *Id.* 480; 110 *Id.* 821; 38 Ark. 147.

3. It was clearly the intention to vest the personalty in the husband and the realty in the heirs.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. The intention was to dispose of the entire estate. The rule is against partial intestacy.  104 Ark. 448; 105 *Id.* 572.

2. "Legatee" was used in its popular sense as one who takes under a will.  104 N. Y. 325; 10 N. E. 433.  It may refer to real estate if the testator so intended.  The intention prevails in wills.  18 A. & E. Enc. Law, 710; 2 Murphy (N. C.) 228; 40 N. C. 82; 23 Ga. 571; 8 N. J. L. 90; 119 Mass. 525; 108 Ia. 555; 79 N. W. 377; 38 Ark. 147; Bouvier Dict. *in verb.*

WOOD, J., (after stating the facts).  The only question is as to whether or not O. K. Badgett, Sr., has title to the lands in controversy under the will.

(1)  In Jarman on Wills, at page 998, we find this statement: "Many of the early authorities proceeded on the principle that the heir was not to be disinherited except by clear words.  At the present day, however, more respect is paid to the intention of testators, and in seeking to ascertain, in any particular case, what the intention is the court proceeds on the theory that a man who makes a will does not, as a general rule, wish to die intestate as to any part of his property."

In *Webb* v. *Webb,* 111 Ark. 54, we said: "This court early announced that 'the leading rule in the construction of wills is to give effect to what appears to be the intention of the testator in view of all the provisions of the will.'"

(2)  This court has often announced the familiar rule, "That in the construction of wills, there is always a presumption against partial intestacy, unless such intention clearly appears from the language used in the instrument."  *Patty* v. *Goolsby,* 51 Ark. 61; *Gregory* v. *Welch,* 90 Ark. 152; *Booe* v. *Vinson,* 104 Ark. 439; *Galloway* v. *Darby,* 105 Ark. 568-572; *Webb* v. *Webb,* 111 Ark. 54.

In the latter case, after quoting the above rule from former cases, we said: "But in *Patty* v. *Goolsby, supra,* and other cases in which this rule was announced, the

language of the will construed showed a purpose to dispose, by will, of the entire estate of the testator." The same thought is well expressed in *Gallagher* v. *McKeague,* 110 Am. St. Rep. 821, as follows: "Whenever the words of a will, fairly construed, are such as to carry the whole estate, it will be presumed that the testator intended to dispose of all of his property, and not to die intestate as to any part of it." And the court adds: "But the intention to pass the whole estate must be expressed in some form, and such presumption will not prevail when the language of the will, fairly construed, is insufficient to carry the whole estate."

The language of this will, as a whole, indicates that it was written by one who was not familiar with the use of the legal and technical language in which wills are usually couched when drawn by those well versed in such language. For instance, the words "give," "devise" and "bequeath" are not used in the entire instrument to express the intended conveyance or transfer of the testatrix's property. Instead thereof, she expressed her testamentary disposition in these words: "I most earnestly desire that my dear husband, O. K. Badgett, shall be my sole legatee, and shall take possession of all or any property, both real, personal or mixed, of which I am now possessed or have any interest in."

(3) It is manifest that the testatrix used the language, "shall take possession of all or any property, both real, personal or mixed," for the purpose of devising all of her real estate and bequeathing all of her personal property to her husband, O. K. Badgett. The language of the will shows plainly an intention on the part of the testatrix to dispose of her entire estate. She uses the words, "shall take possession of all or any property," in the sense of investing the title in such property in her husband. When she says "he shall take possession of" she evidently means that he shall be seized and possessed of, using the words "take possession of" in the sense of transferring the title in the property to him. When the term *legatee* is construed in connection with these other

words, denoting the disposition which she intends to make of her entire estate, it is plain that the testatrix did not intend to use the word *legatee* in its restricted legal and technical sense of beneficiary only of the personal estate bequeathed under the will. This word *legatee,* when used with reference to the other words of the context, will not justify the construction that it was intended that O. K. Badgett should take only the personal estate mentioned. It was rather used in the sense that he should be the sole beneficiary of the testatrix; that is, as if she had said, ''I most earnestly desire that my dear husband, O. K. Badgett, shall be my sole beneficiary.'' To give it any other interpretation would render meaningless the other words used in the immediate context by which the testatrix evidently intended to make final disposition of her entire estate.

(4)   In *Bell & Carlton* v. *Welch,* 38 Ark. 139-147, we said: ''The term 'sole legatee' is generally used to describe those to whom there has been a bequest of personal property, but it may include a devise of real estate also.'' In that case it was held that it was so meant. The same in this case when the whole context is considered.

Mr. Jarman says that, ''Words applicable exclusively to personal estate have sometimes, by force of the context, been held to include land.'' 1 Jarman on Wills, p. 1015. See, also, 40 Cyc., pp. 1405-1407, and cases cited.

''The word *legacy* may be so extended as to include realty or interest therein when this is necessary * * * to effectuate the purpose of the testator as expressed in his will.'' Black's Law Dictionary, page 707, and cases cited under the word ''Legacy.'' See, also, Anderson's Law Dictionary, ''Legacy,'' page 607, and note 10. Other authorities are cited in appellee's brief.

(5)   The familiar presumption that the heir at law will not be disinherited unless the words used by the testator evince a clear intent to devise his real estate is overcome by the language used by the testatrix, to the effect that it was her desire that O. K. Badgett ''shall take possession of all or any property, both real, etc., of

which I am now possessed or have any interest in.'' This construction is further strengthened by reference to the clause in the will in which she names her children. By expressly naming them she shows that she had them in mind, and in failing to devise or bequeath to them any part of her estate she shows that it was not her intention to do so, but to vest her entire estate, at her death, in her husband.

We are of the opinion, therefore, that the chancellor was correct in his construction of the will, and his decree is in all respects affirmed.