## Truman Cooperage Company *v.* Shelton.

Opinion delivered December 9, 1918.

INFANTS—ACTION BY NEXT FRIEND.—An infant may sue by his next friend, under Kirby's Dig., § 6021, whether he has a guardian or not, but the court, in the exercise of discretion, may determine whether or not the cause shall proceed as commenced.

Appeal from Green Circuit Court, Second Division; *W. J. Driver,* Judge; reversed.

### STATEMENT OF FACTS.

This is an action by W. D. Shelton, as guardian of Edwin Prentiss Heathcock, minor, against the Truman Cooperage Company to set aside a judgment in favor of Edwin Prentiss Heathcock, a minor, by Mary E. Heathcock, his next friend and mother, and Mary E. Heathcock, against the Truman Cooperage Company for damages alleged to have been sustained by the minor by reason of the negligence of the Cooperage Company. The facts are substantially as follows:

In August, 1917, Edwin Prentiss Heathcock, a minor, seventeen years old, lived with his mother at Truman, in Poinsett County, Arkansas, and worked for the Truman Cooperage Company. He operated a stave jointing machine, and there was connected with it a blow pipe which carried off the dust and waste. On returning to work at noon on August 25, 1917, Heathcock noticed that the blow pipe had become choked with dust and dirt. He told Asa Shikle, who was working with him, not to start the machinery until he could clean out the blow pipe.

He took the elbow off the blow pipe and started to cleaning out the pipe with his right hand when Asa Shikle, carelessly and without any warning to him, started the machinery while his, Heathcock's hand, was still in the blow pipe, and cut off his index and fourth fingers. On August 28, 1917, agents of the Cooperage Company went to see the mother of Edwin Prentiss Heathcock about a settlement of his claim for damages. On the 26th day of September, 1917, it was agreed between the parties that $200 would be a fair compensation to Mary Heathcock and Edwin Prentiss Heathcock for the injuries received by him. Mrs. Heathcock was informed that it would be necessary for a judgment to be rendered against the Cooperage Company before the settlement would be legal and the Cooperage Company agreed to pay all the expenses of obtaining this judgment. In order to carry out this arrangement Mrs. Heathcock wrote to Judge J.. F. Gautney the following letter:

"My Dear Sir: My son, Prentiss Heathcock was injured at the Truman Cooperage Mill on August 28, 1917. I agreed to settle the matter for $200. If you can file the suit for me, as next friend of Prentiss Heathcock, please do so, and have the $200 sent to me at once. The $200 must be paid net to me.

Your kind attention will oblige.

Yours very truly."

On the second day of October, 1917, W. D. Shelton was appointed guardian for the person and estate of Edwin Prentiss Heathcock and letters of guardianship were issued to him. Pursuant to the directions received in the letter from Mrs. Heathcock, Judge Gautney instituted an action in the circuit court for damages, wherein Edwin Prentiss Heathcock, by his next friend and mother, Mary E. Heathcock and Mary E. Heathcock, were plaintiffs and the Truman Cooperage Company was defendant. The Cooperage Company entered its appearance to the suit and judgment was rendered against the defendant in favor of the plaintiffs for $200, the amount sued for, on the 8th day of October, 1917. The judg-

ment recites the appearance of the plaintiffs by their attorney, J. F. Gautney, and of the defendant by its attorneys Hawthorne & Hawthorne, and the offer of the defendant to confess judgment in the sum of $200. The judgment record then contains the following:

"The court after making careful inquiry as to the extent of the injury, the character of the injury and the manner of the injury, finds that two hundred dollars is a fair remuneration for the injury received, including loss of time by the plaintiff, Prentiss Heathcock, the damage to the plaintiff, Mary E. Heathcock, on account of the loss of services of her son, the disfigurement of the hand of Prentiss Heathcock and for pain and suffering.

"It is therefore considered, ordered and adjudged by the court that the plaintiffs, Prentiss Heathcock, by his next friend and mother, Mary E. Heathcock, and Mary Heathcock, have and recover of and from the defendant, Truman Cooperage Company, the sum of two hundred dollars and all costs in and about this suit expended."

On the 10th day of October the amount of the judgment was paid to Mrs. Heathcock and she executed a receipt to the Cooperage Company therefor.

According to the testimony of Mrs. Mary Heathcock neither she nor her son were present when the case was tried in the circuit court and no witness testified in the case. She admitted receiving the $200, but stated that she did not instruct Judge Gautney to bring the suit and did not know that suit was to be filed as the result of her negotiations with the claim agent of the Cooperage Company. She stated that she did not remember writing the letter to Judge Gautney and only understood that the $200 was paid to help her out on account of the injury to her son.

According to the testimony of Judge Gautney he acted on the authority of the letter from Mrs. Heathcock. No witnesses were present in court and no agreement was had between him and the attorneys for the Cooperage Company.

According to the testimony of J. C. Hawthorne, he represented the Cooperage Company and prepared the complaint in the case. He stated that no witnesses were introduced at the trial and that the judgment was rendered after he and Judge Gautney had made a statement of the matter to the court.

According to the testimony of other witnesses introduced by the defendant, Mrs. Heathcock agreed that $200 would be a fair compensation for the injuries received by her son and this agreement was made after she fully understood the extent and character of his injuries. The matter was also fully understood by Edwin Prentiss Heathcock. His mother understood it was necesssary that judgment should be rendered in the circuit court for that amount, and for this reason the letter to Judge Gautney was prepared and signed by her.

The circuit court made the following findings of fact:

"On this day the motion pending in the foregoing described case is submitted to the undersigned upon oral, documentary and record evidence, from which the court finds that on the 25th day of August, 1917, Edwin Prentiss Heathcock was an employee of defendant company and was injured while working in the defendant's manufacturing plant; that said Edwin Prentiss Heathcock was at the time seventeen years of age and resided with his mother, his nearest of kin, and who was to some extent dependent upon the earnings of the said Edwin Prentiss Heathcock for support; that on the 26th day of September, 1917, Mrs. Mary Heathcock, the mother and nearest of kin of the said Edwin Prentiss Heathcock, entered into a settlement with the defendant, agreeing to accept the amount agreed upon in full settlement of all rights as to each of said parties, the mother and son, flowing from the injuries so received, and for the purpose of carrying out and making effective such agreement, it was agreed that Judge J. F. Gautney be designated as the attorney for the said Mrs. Mary Heathcock, in her own right and as of next of kin of said minor, Edwin Pren-

tiss Heathcock, and that suit should be instituted in the Greene County Circuit Court, in which judgment should be rendered for such agreed amount; that proper complaint was prepared by attorneys for the defendant, and delivered to Judge Gautney, who filed the same in the Greene Circuit Court, and at the same time the entry of defendant was filed, and the matter submitted to the court upon the pleadings and statement of counsel, and the judgment rendered for the amount agreed upon, and there was no fraud or undue influence in making said compromise settlement.

"The court further finds that on the 2d day of October, 1917, and prior to the institution of the suit in the Greene Circuit Court, the minor, Edwin Prentiss Heathcock, caused letters of guardianship to be issued out of the probate court of Poinsett County, in which county he then resided and where the injury occurred, and that such guardian was the duly appointed and acting guardian of said minor at the date of the institution of such suit, and of the rendition of the judgment therein, and that said guardian did not appear in said proceedings. The court finds that the interest of the said Mrs. Mary Heathcock was effectually foreclosed by the agreement so made, and the judgment recording the same, but the minor, Edwin Prentiss Heathcock, was not represented in said proceedings, and that his right of action was not foreclosed thereby.

"It is therefore by the court ordered that the motion to set aside the judgment in so far as it affects the rights of Edwin Prentiss Heathcock be and the same is set aside, and said motion is denied to Mrs. Mary Heathcock."

Judgment was entered in favor of Edwin Prentiss Heathcock in accordance with the findings of fact made by the court and the defendant has appealed.

*Hawthorne & Hawthorne,* for appellant.

1. The court erred in holding that the guardian was a necessary party. No more sanctity is given a guar-

dian or his actions than should be given the mother or any other next friend. Kirby's Digest, § 6021; 71 Ark. 258; 98 *Id.* 553; 119 *Id.* 231, 621. A suit can be brought by an infant by next friend, even where he has a guardian. Cases *supra*.

2. The former judgment was valid and improperly set aside. In this case the court sanctioned the settlement. The settlement was without any undue influence or fraud. This case differs materially from the Rankin cases. 70 Ark. 83; 92 *Id.* 173; 81 *Id.* 440; 71 *Id.* 168.

Defendant had already paid all that was due. Plaintiff was clearly guilty of contributory negligence and not entitled to recover at all, but appellant duly compromised the case, and has once paid the judgment in full, and this cause should be reversed.

*The appellee pro se.*

1. The first judgment was procured through collusion and fraud. Plaintiff has a guardian, but the suit was brought and judgment taken without his knowledge or consent. 42 Ark. 227; 80 *Id.* 522; 39 *Id.* 235; 47 *Id.* 297; 43 *Id.* 427; 44 *Id.* 236; 39 *Id.* 61; 23 Cyc. 317.

2. The minor could act only through his legally appointed guardian. Kirby's Digest, § 6021-3; 5 Ark. 190; 16 L. R. A. 508; 40 Miss. 391; 84 Ark. 32.

3. The compromise and judgment were void and should be set aside. 47 Ark. 300; 39 *Id.* 237; 81 *Id.* 462.

4. The testimony was sufficient to sustain the verdict. A *prima facie* case was made. Kirby's Digest, § 4434; 83 Ark. 17; 104 *Id.* 449. The judgment was inadequate on the testimony.

HART, J., (after stating the facts). It will be noted from the findings of fact made by the circuit court that its judgment proceeded upon the erroneous idea that the minor could not bring suit by his next friend while he had a legally appointed guardian. In the case of *Miles* v. *Boyden,* 3 Pick. (Mass.) 213, the Supreme Court

of the State of Massachusetts stated the English law and the changes by statute in this respect as follows:

"At the common law, infants were required to sue and to defend by guardian. *Co. Lit. b.* note 220. The law has not been altered as to the manner in which they are to defend. But by the statute of Westm. 1, c. 48, infants were authorized to sue by *prochein ami* in an assise, and by Westm. 2 c. 15, in all other actions. \* \* \* It was a cumulative remedy, leaving it optional for them to sue either by guardian or by next friend. *Young* v. *Young,* Cro. Car. 86; *Goodwin* v. *Moore, ibid* 161."

This brings us to a consideration of our own statute on the subject. Section 6021 of Kirby's Digest reads as follows:

"The action of an infant must be brought by his guardian or his next friend. Any person may bring the action of an infant as his next friend; but the court has the power to dismiss it, if it is not for the benefit of the infant, or to substitute the guardian for the infant, or another person, as the next friend."

In the construction of this statute in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Haist,* 71 Ark. 258, the court held that where a suit was brought for a minor by a foreign guardian who was not qualified to sue in this State, that the court was right in appointing someone as next friend to look after the minor's interest in the suit, instead of dismissing it. To the same effect see *Parker* v. *Wilson,* 98 Ark. 553. Again in *Watts* v. *Hicks,* 119 Ark. 621, the court held that a minor by his next friend might file a remonstrance and appeal from an order of the probate court directing a sale of the land of the minor upon the application of the guardian who had left the State. But, so far as we are advised, the extent of the authority given by this statute has never been judicially determined. It is evident from the language used in the section above quoted that an infant is not always bound to bring a suit by guardian although one may be in existence. The infant may sue by his next friend, whether he has a guardian or not. Ordinarily the

guardian is the proper person to represent his ward in all legal proceedings, and if objection had been taken at the proper time that there was a guardian by whom the suit should have been filed, it may have been that the court, in the exercise of a sound discretion, might have determined that the suit should have been changed and brought in the name of the minor by his guardian instead of as it was commenced. It is the business of the court to see that no one stands between the infant and the protection of his rights, and for this purpose, although a minor may, under our statutes, institute a suit either by his next friend or by his guardian, the court may, in the exercise of a sound discretion, determine whether or not it shall proceed as commenced. As sustaining this construction of our statute, see 21 Cyc. 191; *Hooks* v. *Smith,* 18 Ala. 338; *Williams* v. *Cleaveland,* 56 Atl. (Conn.) 850; *Patterson* v. *Pullman,* 104 Ill. 80; *Holmes* v. *Field,* 12 Ill. 424; *Deford* v. *State,* 30 Md. 179; *Baltimore* v. *Norman,* 4 Md. 352; *Burke* v. *Burke,* 49 N. E. (Mass.) 753; *Price* v. *Phoenix Mutual Life Insurance Co.* (Minn.), 10 Am. Repts. 166; *Stewart* v. *Sims,* 79 S. W. (Tenn.) 385; *Robson* v. *Osborn,* 13 Tex. 298; *Thomas* v. *Dike,* 34 Am. Dec. (Vt.) 690.

The recitals of the record show that, in the suit of the minor by his next friend against the Cooperage Company for damages, the circuit court made a judicial investigation of the merits of the controversy and of the character and extent of the minor's injuries before it allowed the judgment to be rendered. This is in accordance with the rule laid down in *Rankin* v. *Schofield,* 71 Ark. 168, and other cases on the subject decided by this court. The record, also, shows that the court made a specific finding of fact that no fraud was practiced upon the minor in the matter, but the judgment of the trial court in setting aside the judgment in favor of the minor in the suit for damages is based wholly on the theory that the minor could not prosecute that suit by his next friend while he had a guardian in existence.

It follows from the views we have expressed above that the court was wrong in so holding, and for that error the judgment must be reversed and the cause will be remanded for a new trial.