NEWTON *v.* HOWARD.

4-5964                                         142 S. W. 2d 231

Opinion delivered July 1, 1940.

*Oliver Moore,* for appellant.

*Neal King* and *Bob Bailey,* for appellee.

BAKER, J. This appeal challenges the correctness of the decree of the chancery court in construing a portion of the will of the late Joseph Howard of Pope county. Mr. Howard, by several provisions of his will left to his children and to his grandchildren certain designated properties. The particular portion of the will that has been the occasion for dispute among the heirs arises out of this provision:

"I make this and each of the bequests and devises hereinbefore made, with the intention of allowing them, and each of them to take effect after the death of my said wife, it being my fixed purpose to leave her in absolute control of my worldly affairs, to have, hold, enjoy and consume the same according to her own wishes, and at her death, then the devises herein made to all others shall become effective."

In the eighth paragraph of the said will there is this provision: "and I further direct and authorize my executor or executors to equally divide all money, choses in action, and other property of whatsoever kind or nature,

paying to each of the legatees hereinbefore named an equal portion thereof, which may remain unconsumed or undisposed of by my wife at the time of her death, it being my intention that each of my said heirs shall share an equal portion in my entire estate remaining after the devises hereinbefore made shall become effective."

In the ninth section of the will there is a provision that the executor or executors shall pay the just debts and funeral expenses and deliver the entire estate to the wife. No question arises about the due or proper execution of the will, or probate thereof, but the controversy here presented proceeds out of a deed executed by Mrs. Mary F. Howard, widow of the testator who while in possession of the property delivered under the provisions of the will, executed a deed conveying to Matilda F. Grimmett and G. E. Howard, for a purported consideration of $900 for several tracts of land, some of which were described with a very faulty, if not wholly defective description. It appears, however, that the foregoing deed did not disturb any of the particular devises made by Mr. Howard to the several legatees except that this particular property so affected made up the residuary part of his estate, for which provision had been made to sell and divide proceeds after the death of the widow.

Appellees, upon this appeal, admit that there was no monetary consideration for this conveyance. The appellants seek the setting aside and cancellation of the deed on account of the alleged mental incapacity of Mrs. Mary E. Howard, who was 95 years of age at the time of the conveyance, undue influence and fraud in the procurement of the deed, lack of consideration, and the want of power to dispose of the land by gift or donation.

The view that we take of this case impels us to give due consideration to but one issue which is the controlling factor presented on this appeal. That is the power of Mrs. Howard to convey by way of donation any of the property under the circumstances and conditions set forth in the will. Mrs. Howard had the right to live as she chose, supporting herself not only from the income

from the property but by sale and use of proceeds therefrom. There was no restraint, and she might have so used it all under the power given. She could "enjoy and consume," which expression meant to "use up" or even expend wastefully if it so pleased her, but it did not express the idea that she could give it away.

In two comparatively recent cases we have given due consideration to provisions in instruments somewhat similar to the one we now have under consideration.

In *Graves* v. *Bean, ante,* p. 863, 141 S. W. 2d 50, we cited with approval the case of *Archer* v. *Palmer,* 112 Ark. 527, 167 S. W. 99, Ann. Cas. 1916B, 573. We approved a doctrine there stated, the effect of which was that wills should be so construed as to carry into effect the intention of the testator, and that they are so to be construed as to give force and meaning to every clause of the will. We cited also to the same effect the case of *Badgett* v. *Badgett,* 115 Ark. 9, 170 S. W. 484.

Without burdening this opinion with other citations therein set forth, we call attention now to the case of *Owen* v. *Dumas, ante,* p. 601, 140 S. W. 2d 101. This last cited case was very similar in some respects to the one now under consideration. In that case, as in this, there was a conveyance by the widow who had power to transfer the property under the conditions set forth in the will. In discussing that matter in the last cited case, we stated: "The language of the will as a whole, clearly indicates that the intention of the testator was to give his widow a life estate with power to sell and dispose of property when necessary for her support and maintenance, for benefit of the estate, or the education of her minor children. She, therefore, had no power to dispose of the property for any other purpose."

We now turn again to an examination of that portion of the will of the testator wherein he says: "It being my fixed purpose to leave her in absolute control of my worldly affairs, to have, hold, enjoy and consume the same according to her own wishes, and, at her death, the devises herein made to all others shall become effective."

Now if we place ourselves in the situation that we find the testator to have been in at the time he made and executed this instrument, in order to determine his meaning and intention, it must be by some strain upon the imaginative powers to hold that he intended that his widow should have the right to change the will that he had made and to transfer without monetary consideration the property to some of his heirs in order that they might have substantial advantages over the others who were objects of his beneficence and affection to the same extent as those so favored by the widow who had charge of the property. Had she sold this property to obtain money, to be used by her for living expenses, or even for other purposes for her own pleasure and comfort and had so used or consumed the property, we would be impelled to hold that this was within the provisions of the will and that the conveyance was amply provided for by this grant of power or authority as stated by the testator. She did not use or consume the property herself. She did not dispose of it for money to be used even for her own pleasure or comfort or to gratify any desire, however selfish it might have been. It had not been necessary for her to collect and use all the rentals that accrued. She merely transferred the several tracts to two of the legatees of the will granting to them, if the grant may be enforced, a substantially greater portion of the property than they could have received otherwise from the will itself.

In the recent case of *Owen* v. *Dumas, supra,* we held that although the will in that case empowered the widow to make disposition of the property under certain specific conditions, or for particular purposes, she did not have the power generally to dispose of the property for any other purposes than those specifically mentioned as was expressed and "the will itself disposed of the property which the wife had not used, consumed or sold." There, "it was unnecessary that she do anything to effectuate the testator's purposes" and it might well have been added (for such was the effect of the decision) she was powerless to defeat the purposes of the will except under the conditions expressed therein.

The conclusion reached in the cited case is controlling here, so we announce in this case that Mrs. Howard was without power to change or modify the will of her deceased husband by a mere attempted conveyance of the property disposed of therein. The court was, therefore, in error in holding that her conveyance of any of the property was effectual.

The decree is, therefore, reversed with directions to the trial court to set aside and cancel the deed, to enforce the provisions of the testator's will in manner not in conflict with this opinion.