CULP *v.* CULP.

4-7282                                                178 S. W. 2d 52

Opinion delivered February 28, 1944.

*A. D. Murphy* and *Davis & Allen,* for appellant.

*Mahony & Yocum,* for appellee.

ROBINS, J.   The only question involved in this case is whether appellant, Peggy Jean Culp, the minor child of J. E. Culp, deceased, occupies the status of a pretermitted child under the will of her father.   J. E. Culp, a resident of Union county, Arkansas, died on July 18, 1942.   He left surviving him a widow, appellee Zoe G. Culp, and one child, appellant, Peggy Jean Culp.   After his death his will, dated March 26, 1942, was duly admitted to probate, and letters of administration *cum testamento annexo* were issued to appellee, A. R. Graves. Appellee, Zoe G. Culp, was duly appointed guardian of her daughter, appellant, Peggy Jean Culp, but her interests being adverse to that of her ward, this suit was brought by Mrs. Erin C. Legg as next friend of appellant, Peggy Jean Culp.   Such a proceeding was approved by this court in the case of *Truman Cooperage Co.* v. *Shelton,* 136 Ark. 570, 207 S. W. 42.

The will of J. E. Culp was a holographic one, and, by the terms thereof, all property, real and personal, belonging to the testator was devised and bequeathed to his wife, appellee, Zoe G. Culp.   It contained the following recitals:

"In a memorandum in one of my lock boxes is a detailed list of my assets and liabilities.   From time to time this inventory of my affairs is revised and brought up to date.   By reference to it my wife should be able to determine the status of my affairs at the time of my death.   Also in one of my lock boxes is a detailed list of life insurance policies.   I herewith point out that certain policies are payable to the following named beneficiaries, to-wit:

|  | Face Value | Present Net Value |
|---|---|---|
| "Peggy Jean Culp (Nat'l Life of Vt.) | 3,000.00 | 3,086.39 |
| "Erin C. Legg (Fidelity Mutual) | 5,000.00 | 4,879.00 |
| "Lide C. Culp (New York Life) | 2,500.00 | 2,215.50 |
| "Lide C. Culp (Central States) | 1,000.00 | 873.94 |

"It is my earnest wish that my sister, Erin C. Legg, and my brother, Lide . C. Culp, receive and accept the amounts of insurance made payable to them. The Arkansas Wholesale Grocer Co. has paid premiums on certain insurance policies on my life, as shown in the detailed list referred to above, and is to receive the proceeds from such policies. All other life insurance I have is to be paid to my dear wife, Zoe G. Culp."

At the bottom of the will appears this notation: "Do not overlook Social Security returns which will be due my wife and my daughter."

In this action, instituted by her next friend for the benefit of Peggy Jean Culp, minor, her mother, Zoe G. Culp, as beneficiary under the will, A. R. Graves, as administrator *cum testamento annexo,* and the Lion Oil Refining Company were made defendants, it being alleged in the complaint that appellant, Peggy Jean Culp, was the only child and heir at law of her deceased father; that under the said will of her father no bequest or provision was made for her, and that her name was not mentioned by her father in said will within the meaning of § 14525 of Pope's Digest of the statutes of Arkansas, and that, therefore, her father died intestate as to her, and that she was entitled by inheritance to all of her father's property, except that belonging to her mother as dower and homestead. It was further set forth in the complaint that at the time of his death J. E. Culp owned "an undivided one-eighth of the royalty interest in all of the oil, gas and other minerals in, under and upon the northwest quarter of the northeast quarter of section nineteen, township eighteen, south, range seventeen, west, in Union county, Arkansas," and that said property was and had been producing oil and gas which had been taken since the death of her father by appellant, Lion Oil Refining Company, which company had refused to account to her for her interest therein; that appellee, Zoe G. Culp, is also claiming said royalty interest and the proceeds from the production thereof under the will of the deceased, but that appellant, Lion Oil Refining Company, had refused to pay either her or her mother therefor. The

prayer of the complaint was that appellant, Lion Oil Refining Company, be required to account to her for the proceeds of all oil runs to the credit of the royalty interest owned by her deceased father and not paid to him, and that she have judgment therefor, and that the will of her father be construed.

Appellant, Lion Oil Refining Company, answered, admitting that appellant, Peggy Jean Culp, was the owner of the royalty interest mentioned in the complaint and stating that it was ready and willing to account to her for the proceeds of said royalty interest, but that appellees, Zoe G. Culp, and A. R. Graves, administrator of the estate of J. E. Culp, deceased, were each asserting claim to the said royalty interest and the proceeds thereof, and prayed that these conflicting claims be adjudicated, and that it be directed by the court as to which of said persons was entitled to said royalty interest.

Separate answer was filed by appellee, Zoe G. Culp, in which she admitted all of the allegations of the complaint, except the allegation that the name of appellant, Peggy Jean Culp, was not mentioned by the testator in the will. The prayer of her answer was that the complaint of appellant, Peggy Jean Culp, be dismissed for want of equity, and that she have judgment against the Lion Oil Refining Company for the proceeds of all oil runs to the credit of the royalty interest owned by the deceased and not paid to him.

Appellee, A. R. Graves, administrator, filed separate answer in which all portions of the complaint, except the allegation that the name of appellant, Peggy Jean Culp, was not mentioned by the testator, were admitted, and set forth that all claims against the estate had been paid or were owned by appellee, Zoe G. Culp, and that the time for filing claims against the estate had expired, and the prayer of his answer was identical with that in the answer of appellee, Zoe G. Culp.

It appeared from the testimony that the total assets of the estate of J. E. Culp, deceased, were of the value of $23,985; that he owed slightly in excess of $43,000; that all of these debts had been paid by the widow and

some of them had been assigned to her, and that the amount of money held in suspense by the Lion Oil Refining Company as proceeds of the oil and gas produced from Culp's share up to September 1, 1943, was $1,062.30.

The lower court found "that the plaintiff, Peggy Jean Culp, was not pretermitted by her father, J. E. Culp, deceased, in the making of his will, and he did not die intestate as to the plaintiff, . . ." The complaint of appellant, Peggy Jean Culp, was accordingly dismissed for want of equity, and judgment was rendered in favor of appellee, Zoe G. Culp, for the amount found due from appellant, Lion Oil Refining Company. From this decree an appeal is prosecuted by Peggy Jean Culp, minor, and by the Lion Oil Refining Company.

By § 14525 of Pope's Digest of the statutes of Arkansas, it is provided: "When any person shall make his last will and testament, and omit to mention the name of a child, if living, or the legal representatives of such child born and living at the time of the execution of such will, every such person, so far as regards such child, shall be deemed to have died intestate, and such child shall be entitled to such proportion, share and dividend of the estate, real and personal, of the testator as if he had died intestate; and such child shall be entitled to recover from the devisees and legatees in proportion to the amount of their respective shares, and the court exercising probate jurisdiction shall have power to decree a distribution of such estate according to the provisions of this and the preceding sections."

It will be seen that, in order to render a will valid as to a child or descendant of a testator, it is not required by the statute quoted above that testator make any provision therein by which such child or descendant will receive any portion of his property, the only requirement being that the testator mention the name of such child or descendant.

"The object of such statutes is not to secure equality of distribution or to compel a testator to make a substantial provision for his children, but is rather to guard and

provide against testamentary thoughtlessness or inadvertence . . ." 26 C. J. S. 1047.

In Page on Wills, vol. 1, p. 978, it is said: "Naming a child is, of course, sufficient to show testator's intention that the child shall receive nothing further than is given it by the will."

The rule is thus stated in Ruling Case Law, vol. 28, p. 82: "Any allusion to the child which shows that the testator had not forgotten him is sufficient to sustain the will and exclude the child."

In the case of *Beck* v. *Metz,* 25 Mo. 70, the Supreme Court of Missouri construed a statute similar to § 14525 of Pope's Digest. In that case it appeared that the testator had devised all his property to his wife, and his will contained this provision: "I leave it entirely to the will and judgment of my said wife, Catherine, how and in what manner she thinks proper to dispose of the estate, as well as with reference to our own child . . ." The testator and his surviving wife had had one child, a daughter. The court held in that case that the testator had made a sufficient reference to his child to prevent the operation of the statute, saying: "Here we see the testator had a child—the will shows this; and whenever the child is designated, or so pointed out by the will that the court can see the testator had the matter fully before his mind, we are inclined to think it will answer."

This court, in the case of *Badgett* v. *Badgett,* 115 Ark. 9, 170 S. W. 484, held that, where the testatrix devised all of her property to her husband with a provision in the will expressing a desire that he be appointed guardian for their children, who were named, the naming of these children in the will was sufficient to show that they were not pretermitted, and that the maker of the will did not die intestate as to them.

In the case at bar it appears that the testator, who wrote the will out in his own handwriting, expressly mentioned the name of his daughter, appellant, Peggy Jean Culp, in stating the amount of his insurance that was payable to her. The object of the statute (§ 14525) is to prevent injustice to a child or descendant from

occurring by reason of the forgetfulness of a testator who might, at the time of making his will, overlook the fact that he had such child or descendant. In this case the will itself conclusively shows that the testator had not forgotten his daughter because he actually wrote her name in the body of his will along with a statement of the amount of the insurance policy payable to her and the name of the company which issued it. He did not "omit to mention the name of" his daughter in his will, and therefore he did not die intestate as to her.

The decree of the lower court was in all things correct and is affirmed.