Hadley Laverle KING, William Hadley KING, and Phyllis REDMAN *v.* C. W. KING, Jr., Executor of the Estate of C. W. KING, Sr., Deceased

81-23                           616 S.W. 2d 483

Supreme Court of Arkansas
Opinion delivered June 1, 1981

*Paul Petty* and *Lee A. Biggs, III*, for appellants.

*Lightle, Beebe, Raney & Bell,* for appellee.

RICHARD B. ADKISSON, Chief Justice. This is an appeal from an order of the White County Probate Court determining that appellants are pretermitted heirs of C. W. King, Sr. and are entitled to a one-twenty-fourth interest each in his estate.

C. W. King, Sr. died testate on May 23, 1980, leaving seven children surviving him along with three grandchildren, appellants herein, who are the issue of a son of the testator who was deceased at the time the testator's will was executed.

Of the seven children who survived the testator, six were expressly disinherited by the testator in his will. The will expressly left all of the testator's estate, after debts were paid, to the seventh surviving child of the testator, C. W. King, Jr. There was no mention whatever in the testator's will of the three grandchildren or of their father, who was a son of the testator and who was deceased at the time the testator executed his will.

Appellants argue that they are entitled to one-half of the testator's estate since it was clearly the intention of the testator that six of his children should not receive any of his estate. In determining the amount of entitlement to an estate where pretermitted children are found to exist, the children take as though there was no will in accordance with the express statutory language of Ark. Stat. Ann. § 60-507 (b):

b. PRETERMITTED CHILDREN. If at the time of the execution of a will there be a living child of the testator, or living child or issue of a deceased child of the testator, whom the testator shall omit to mention or provide for, either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to such child or issue, and such child or issue shall be entitled to recover from the devisees in proportion to the amounts of their respective shares, that portion of the estate which he or they would have inherited had there been no will.

It is clear from the statute that appellants are entitled to take, as pretermitted heirs, only that portion of the estate which they would have inherited had there been no will. Had there been no will in this case, they would have inherited a one-eighth interest as a class or a one-twenty-fourth interest individually under our statutes governing intestate succession. The probate judge ruled correctly, and we deem no further discussion necessary.

Appellants argue as a second point for reversal that they were entitled to a default judgment as a matter of law on their "Petition for Pretermitted Heirs" since appellee failed to file its response within 20 days as required by Rule 12 of the Arkansas Rules of Civil Procedure; they also claim that the probate judge erred in failing to grant their "Motion to Strike Response" for the same reason. The probate judge correctly ruled against appellants' contentions. These arguments are without merit since the Probate Code's procedural sections govern in cases concerning the filing of petitions for determination of heirship. Ark. Stat. Ann. § 62-2004 (e) provides:

Procedure and Rules of Evidence in Probate Courts, *except as in this Code otherwise provided* shall be the same as in courts of equity. (Emphasis added)

Ark. Stat. Ann. § 62-2914 (c) (Repl. 1971) contains the procedure for filing petitions for determination of heirship as we have in this case and provides:

c. Procedure. Upon the filing of a petition, the court shall fix the time for the hearing thereof, notice of which shall be given to ...

Furthermore, Ark. Stat. Ann. § 62-2011 (Repl. 1971) governs the filing of objections to petitions in probate matters and provides:

An interested person, on or before the day set for hearing, *may* file written objections to a petition previously filed. *Upon special order or general rule of the court*, objections to a petition must be filed in writing as a prerequisite to being heard by the court. (Emphasis added)

The record reveals that the appellants' petition for determination of heirship under § 62-2914, *supra*, was filed on July 15, 1980, followed by appellee's response on September 16, 1980. A hearing was held on September 22, 1980, at which the judge requested briefs from the attorneys.

Although appellee filed his response before the hearing date in this case, we have held previously that these statutes will allow any objections to be made even at the hearing unless a "special order or general rule of the court" as provided in § 62-2011 required a written objection as a prerequisite to the arguments being heard by the court. In *Coogler v. Dorn*, 231 Ark. 188, 328 S.W. 2d 506 (1959) we rejected the same argument being made here, that is, that the 20-day limitations period found in Ark. Stat. Ann. § 27-1135 (superseded by Rule 12, Ark. Rules Civ. Proc.) would govern procedures concerning petitions for determination of heirship within the probate code; we upheld a late response that was read into the record at the time the hearing was held, but

following the 20-day period for filing responses under § 27-1135.

Appellants argue as a third point for reversal that there was a conflict of interest prejudicial to their position because the same attorney represented both the executor of the estate and the sole devisee named in the testator's will. Appellants neither allege nor suggest any specific prejudice and we find no error.

Affirmed.