Edward L. HOLLAND *v.* Nancy WILLIS, as Mother and Next Friend of Tina Raynee ADAMS, a Minor, and Melissa Sharron Adams PRUITT

87-186                                                     739 S.W.2d 529

Supreme Court of Arkansas
Opinion delivered November 16, 1987

*Hixson, Clevland & Rush*, by: *David L. Rush*, for appellant.

*Jack Skinner*, for appellees.

JACK HOLT, JR.. Chief Justice. The appellant, Edward L. Holland, as executor of the estate of William Sherman Adams (Testator), appeals from an order determining that the appellees, the Testator's grandchildren, are the pretermitted heirs of the deceased. This appeal questions the constitutionality of the Arkansas Pretermitted Heir Statute, codified at Ark. Stat. Ann. § 60-507(b) (Repl. 1971). We find the statute is constitutional and affirm.

The Testator executed his last will and testament on May 23, 1984, leaving his entire estate to his nephew, Edward L. Holland and naming him executor. He died on April 12, 1986. Two children were born to him, Judith Rice and William Edward Adams. His son, William Edward, predeceased him leaving the Testator two grandchildren, Tina Raynee Adams and Melissa Sharron Adams Pruitt. The Testator's will specifically mentioned Judy Rice and disinherited her; however, it made no mention of his deceased son or his grandchildren.

Upon admission of the will to probate, the grandchildren, through their mother, petitioned for a one-fourth share of the estate as pretermitted heirs. The executor filed a motion for summary judgment, arguing Ark. Stat. Ann. § 60-507(b) was unconstitutional as violating the due process, equal protection and privileges and immunities clauses of the Arkansas and United States Constitutions. The trial court denied the motion

finding the statute constitutional. A hearing on the petition followed on February 26, 1987, and after hearing testimony presented by both parties, the trial court determined the grandchildren were pretermitted heirs and that Ark. Stat. Ann. § 60-507(b) (Repl. 1971) was "constitutionally proper." An order was entered accordingly on March 18, 1987, from which the executor brings this appeal.

When William Sherman Adams' will entered probate, the grandchildren petitioned to take against the will claiming to be pretermitted heirs. They based their claim on the fact that neither they nor their father, William Edward Adams, were mentioned or provided for in the will. This court has consistently held that if the testator does not mention the children of a deceased child, the grandchildren are pretermitted. *King* v. *King*, 273 Ark. 55, 616 S.W.2d 483 (1981); *Armstrong* v. *Butler*, 262 Ark. 31, 553 S.W.2d 453 (1977); *Gray* v. *Parks*, 94 Ark. 39, 125 S.W. 1023 (1910).

Ark. Stat. Ann. § 60-507(b) (Repl. 1971) defines pretermitted heir:

> If at the time of the execution of a will there be a living child of the testator, or living child or issue of a deceased child of the testator, whom the testator shall omit to mention or provide for, either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to such child or issue, and such child or issue shall be entitled to recover from the devisees in proportion to the amounts of their respective shares, that portion of the estate which he or they would have inherited had there been no will.

According to the statute and the case law, the grandchildren are pretermitted because neither they nor their father, who died before the will was executed, were mentioned or provided for in the will. As pretermitted heirs, they are entitled to a share in the estate.

The executor argues the statute is unconstitutional because ir violates the due process, equal protection, and privileges and immunities clauses of the Arkansas and United States Constitutions. In doing so, he claims the statute creates an irrebuttable

presumption, because extrinsic evidence cannot be introduced to show the testator's intent: *Armstrong* v. *Butler, supra.* We agree that the use of the word "deemed", coupled with the other language in the statute, creates such a presumption. However, we hasten to add it does not automatically cause the statute to fail.

■ In *Armstrong* v. *Butler, supra* at 39, this court stated:

The intention of a testator is to be gathered from the four corners of the instrument itself, considering the language used and giving meaning to all its provisions, if possible to do so. The intention of the testator as expressed in the language of his will prevails if consistent with the rules of law . . . . Oral testimony is admissible for the purpose of showing the meaning of words used when they are ambiguous, but not to show what the testator intended, as distinguished from his express words. It is true that if there is uncertainty about the intention of the testator when the words of the will are considered in their ordinary sense, the court must read language in the light of circumstances existing when the will was written including relationships with his family and the beneficiaries named, the motives which may be reasonably supposed to influence him and other such matters. Extrinsic evidence was not admissible to show that the testatrix intended to disinherit a pretermitted heir. (Citations omitted.)

*See also Hare* v. *First Security Bank*, 261 Ark. 79, 546 S.W.2d 427 (1977).

■■ There is a presumption of constitutionality attendant to every legislative enactment, and all doubt concerning it must be resolved in favor of constitutionality. *Stone* v. *State*, 254 Ark. 1011, 498 S.W.2d 634 (1973). If it is possible for the courts to so construe an act that it will meet the test of constitutionality, they not only may, but should and will, do so. *Davis* v. *Schimmel*, 252 Ark. 1201, 482 S.W.2d 785 (1972). The party challenging a statute has the burden of proving it unconstitutional. *Citizens Bank of Batesville* v. *Estate of Pettyjohn*, 282 Ark. 222, 667 S.W.2d 657 (1984).

## DUE PROCESS

The executor claims the statute violates due process because the executor has the duty to carry out the provisions of the will and the statute prevents him from doing that. Also, the statute deprives the beneficiary of his bequest under the will.

██ In determining whether a statute violates due process, we must determine if it has a rational basis and is reasonably related to the statutory purpose. *Dicks* v. *Naff*, 255 Ark. 357, 500 S.W.2d 350 (1973). The Arkansas Pretermitted Heir Statute meets these requirements. There are several state interests advanced by the statute. This court has on several occasions stated that "the purpose of this statute is not to interfere with a person's right to dispose of his property according to his own will, but to avoid the inadvertent or unintentional omission of children (or issue of a deceased child) unless an intent to disinherit is expressed in the will. Thus, where the testator fails to mention children or provide for them as members of a class, it will be presumed that the omission was unintentional, no contrary intent appearing in the will itself." *Robinson* v. *Mays*, 271 Ark. 818, 821, 610 S.W.2d 885 (1981); *Culp* v. *Culp*, 206 Ark. 875, 178 S.W.2d 52 (1944); *Yeates* v. *Yeates*, 179 Ark. 543, 16 S.W.2d 996 (1929). The statute does not require the testator to provide for his heirs, only to mention them. *Culp* v. *Culp, supra*. The child does not have to be specifically named, but can be included as a member of the class. *Yeates* v. *Yeates, supra.*

## EQUAL PROTECTION

There is no merit to the executor's argument that the statute violates the equal protection clause because it does not rationally relate to any legitimate state purpose. The estate claims there are no individual interests to support the classification nor are there any government interests to support the classification.

██ In determining whether a classification denies the equal protection of the laws, we must determine if it has a rational basis and is reasonably related to the purpose of the statute. *Rawls* v. *State*, 260 Ark. 430, 541 S.W.2d 298 (1976). The equal protection clause does not require identity of treatment. *Estate of Epperson*, 284 Ark. 35, 679 S.W.2d 792 (1984). A classification must be reasonable, not arbitrary, and must rest upon some

ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike. *Davis* v. *Cox*, 268 Ark. 78, 593 S.W.2d 180 (1980). To determine whether a law is violative of equal protection, we look at (1) the character of the classification, (2) the individual interests asserted in support of the classification and (3) the governmental interests asserted in support of the classification. *Estate of Epperson, supra; Corbitt* v. *Mohawk Rubber Co.*, 256 Ark. 932, 511 S.W.2d 184 (1974). We do not have to determine the actual basis for the legislation, but merely find any rational basis. *Streight* v. *Ragland*, 280 Ark. 206, 655 S.W.2d 459 (1983). Obviously, the classification passes muster because it rationally relates to a legitimate state purpose, the same as set out under the due process portion of this opinion.

### PRIVILEGES AND IMMUNITIES

Lastly, the executor claims the statute violates the privileges and immunities clause because it grants a privilege that other citizens do not enjoy—placing the grandchildren in a position superior to the beneficiary of the will. In addition, he argues this privilege is not rationally related to any legitimate state purpose. We use the rational basis test to determine whether a statute violates the privileges and immunities clause. *Streight* v. *Ragland, supra*. As stated under the equal protection discussion, the statute is rationally related to a legitimate state purpose.

The statute is constitutional.

Affirmed.