The Honorable Henry H. Boyce Prosecuting Attorney Third Judicial District
208 Main Street, Suite 31 Newport, Arkansas 72112
Dear Mr. Boyce:
This is in response to your request for my opinion on the following question:
 Can a city or county criminalize the use or sale of a substance, namely K2 or `Spice' when it has not yet been declared a controlled substance by the general assembly or by any other administrative body with the authority to classify controlled substances in Arkansas?
RESPONSE
I must respectfully decline to provide an opinion on the question you pose because it has come to my attention that charges have been filed in several cities based upon municipal ordinances criminalizing the substance known as "K2" or "Spice." See Amy Sherrill, "Barling Officers Make First K2 Arrest" and "Van Buren Police Make First Synthetic Pot Arrest" (Times Record Online, May 26, 2010 and May 21, 2010.) I am unaware whether any such charges are pending under similar county ordinances, but the issue you have raised is likely to be addressed judicially in one or more of the pending cases.
In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are likely to be the subject of pending litigation. Any opinion issued from my office would constitute executive comment on matters that are properly *Page 2 
decided by a judicial body. E.g., Op. Att'y Gen. 2009-112 (and opinions cited therein.)
For this reason, I cannot address your question at this time. I will note in closing, however, that municipal ordinances are entitled to the same presumption of validity that legislative enactments receive. Lawrence v. Jones,228 Ark. 1136, 313 S.W.2d 228 (1958) (citing Delony v.Rucker, 227 Ark. 869, 302 S.W.2d 287 (1957)). Thus, similar to a state statute, a local ordinance is presumed constitutional and will be struck down only if it clearly appears that the measure is at variance with the constitution. E.g., Handy Dan ImprovementCenter, Inc. v. Adams, 276 Ark. 268, 633 S.W.2d 699 (1982). All doubt will be resolved in favor of constitutionality, Holland v.Willis, 293 Ark. 518, 739 S.W.2d 529 (1987); and the burden of proving otherwise will be upon the challenging party. E.g.,Craft v. City of Fort Smith, 335 Ark. 417, 984 S.W.2d 22 (1998).
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh *Page 1